UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN STIMMELL and PAMELA STIMMELL,<br><br>　　　　　　Plaintiffs,<br><br>　vs.<br><br>JUAN MORALES, FRANK NAVARRO, and LUKE POWELL,<br><br>　　　　　　Defendants.<br>_____ / | CASE NO. CV F 12-0155 LJO BAM<br><br>**ORDER ON MOTION TO CHALLENGE AWARDED COSTS**<br>(Doc. 66.) |

**INTRODUCTION**

Plaintiffs Alan and Pamela Stimmell ("Stimmells") challenge $1,989.35 costs awarded to defendants[1] for daily trial transcripts. Defendant agents filed no timely papers to oppose the Stimmells' motion to challenge the award of daily transcript costs. This Court considered the Stimmells' motion to challenge the award of costs on the record and VACATES the December 4, 2013 hearing, pursuant to Local Rule 230(c), (g). For the reasons discussed below, this Court GRANTS the Stimmells' motion to challenge the award of daily transcript costs and DENIES defendant agents an award of daily transcript costs.

---

[1] Defendants are Juan Morales, Frank Navarro ("Agent Navarro") and Luke Powell, at relevant times were law enforcement agents with the California Department of Justice ("DOJ"), and will be referred to collectively as "defendant agents."

1

**BACKGROUND**

In late August and early September 2013, this Court conducted a jury trial on the Stimmells' unreasonable search and seizure claims against defendant agents. The jury's verdict found that defendant agents did not unreasonably seize the Stimmells and did not unreasonably search their home. Judgment in favor of defendant agents and against the Stimmells was entered on September 4, 2013.

With their bill of costs, defendant agents requested:

1. $1,558.20 for realtime rough drafts at $2.10 per page, a rate based on both sides ordering daily transcripts;

2. $417.85 for realtime rough drafts at $3.05 per page, a rate based on only defendant agents' ordering daily transcripts for selected proceedings; and

3. $16.50 for 15 pages of testimony of Agent Navarro at a rate of $1.10 per page.

In response to defendant agents' bill of costs, the clerk taxed or awarded defendant agents $1,989.35 for "printed or electronically recorded transcripts obtained for use in the case." The clerk awarded without explanation $3.20 less than the $1,992.55 requested by defendant agents.

**DISCUSSION**

The Stimmells contend that defendant agents are not entitled to costs for daily transcripts.

F.R.Civ.P. 54(d)(1) provides in part: "Unless a federal statute, these rules, or a court order provides otherwise, costs – other that attorney's fees – should be allowed to the prevailing party." A "party in whose favor judgment is rendered is generally the prevailing party for purposes of awarding costs under Rule 54(d)." *d'Hedouville v. Pioneer Hotel Co.*, 552 F.2d 886, 896 (9th Cir. 1977). F.R.Civ.P. 54(d)(1) "generally grants a federal court discretion to refuse to tax costs in favor of the prevailing party." *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 442, 107 S.Ct. 2494 (1987).

28 U.S.C. § 1920(2) permits a taxation or award of costs for "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case."

The Stimmells acknowledge defendant agents as prevailing parties but challenge the need for daily transcripts.

The "extra cost of obtaining a trial transcript on an expedited basis is not taxable unless prior court approval of expedition has been obtained or the special character of the litigation necessitates expedited receipt of the transcript." *Fogleman v. ARAMCO (Arabian American Oil Co.),* 920 F.2d 278, 286 (5th Cir. 1991). "To award the cost of daily transcripts, the court must find that they were not obtained primarily for the convenience of the parties but were necessarily obtained for use in this case." *Holmes v. Cessna Aircraft Co.,* 11 F.3d 63, 64 5th Cir. 1994) (internal quotations and citations omitted). "[D]aily trial transcript costs should not be awarded absent court approval prior to the trial." *Manildra Mill. Corp. v. Ogilvie Mills, Inc.,* 76 F.3d 1178, 1184 (Fed. Cir. 1996). "However, a district court may overlook the lack of prior approval if the case is complex and the transcripts proved invaluable to both the counsel and the court." *Manildra Mill*, 76 F.3d at 1184.

The Stimmells argue that an award of daily transcripts is unwarranted in that:

1. Trial was neither complex nor lengthy;
2. Trial testimony was expeditious and required less than four days;
3. Jury instructions were agreed upon;
4. There were no motions in limine;
5. Exhibits were joint;
6. Daily transcripts served primarily to convenience the parties;
7. Defendant agents failed to seek prior approval of daily transcripts as a recoverable cost; and
8. The parties did not agree that daily transcripts would be a recoverable cost.

Defendant agents fail to oppose the Stimmells' valid points that daily transcripts were unnecessary. This Court construes defendant agents' failure to challenge the Stimmells' points as defendant agents' concession that an award of daily transcripts is unwarranted. The record reveals nothing to necessitate daily transcripts, which served chiefly to convenience the parties. As such, defendant agents are not entitled to daily transcript costs.

3

**CONCLUSION AND ORDER**

For the reasons discussed above, this Court GRANTS the Stimmells' motion to challenge the award of daily transcript costs and DENIES defendant agents an award of daily transcript costs.

IT IS SO ORDERED.

Dated:  **November 21, 2013**            /s/ Lawrence J. O'Neill
                                  UNITED STATES DISTRICT JUDGE